IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN L. FEINGOLD | : | CIVIL ACTION |
| | : | NO. 12-1250 |
| v. | : | |
| | : | |
| UNITRIN DIRECT, et al. | : | |

O'NEILL, J.                                                                                           JUNE 14, 2012

## MEMORANDUM

Plaintiff Allen L. Feingold filed this action against defendants Unitrin Direct, Kemper Auto & Home Insurance Co., John Blumenthal, Andrew Moore, Moore & Reimenschneider, LLC., Robert Moraux, Cindy Brenner and Devon Brenner seeking damages for claims arising out of the alleged failure of defendants to compensate Feingold for his legal contribution to a personal injury case in which each of the defendants was involved. Feingold asserts claims of fraud, negligent misrepresentation, abuse of process, civil conspiracy and infliction of emotional distress. Now before me are the motions to dismiss of John Blumenthal, Andrew Moore and Moore & Reimenschneider, LLC. and Unitrin and Kemper. For the reasons that follow I will dismiss Feingold's Amended Complaint but allow him to amend the fraud, negligent misrepresentation, civil conspiracy and infliction of emotional distress claims.

## BACKGROUND

The facts of the instant case viewed in the light most favorable to Feingold are as follows. Feingold asserts that his claims arise out of an automobile accident in which Cindy Brenner and her daughter Devon Brenner suffered personal injuries and property damage to the vehicle. Am. Compl. ¶ 14-15. The Brenners collided with Claire Guiranna, who was insured by Unitrin and Kemper, and the Brenners commenced a lawsuit against Guiranna in the Philadelphia Court of

Common Pleas on June 10, 2005 which was subsequently transferred to the Bucks County Court of Common Pleas on May 13, 2006.  Id. at ¶ 16; Dkt. No. 11 at 22-32 (Philadelphia and Bucks Cty. Ct. Com. Pl. Dockets for the Brenner litigation).[1]  The Brenners hired Feingold to assist them in this litigation and Feingold relied on an unwritten agreement that he would be compensated for his work, costs and investment of time following the disposition of that case.  Am. Compl. ¶ 23.  Unitrin and Kemper hired Andrew Moore and his firm Moore & Reimenschneider to represent Guiranna.  Id. at ¶ 18.

Subsequently, the Brenners dissolved their relationship with Feingold due to a change in family circumstances but the Brenners were unable to honor their unwritten compensation agreement at that time because their lawsuit remained unresolved.  Id. at ¶ 24-25.  To ensure future compensation for his work in the motor vehicle matter, Feingold gave notice to certain unnamed defendants that he maintained a claim to a portion of the monies that would potentially flow from the Brenner's settlement, award, verdict or closing check.  Id. at ¶ 26.  Moore promised to include Feingold's name on "any settlement, award, verdict or closing check."  Id.

Unbeknownst to Feingold, the Brenner's litigation ultimately concluded with an arbitration awards of $30,000 to Cindy Brenner and $7,500 to Devon Brenner on March 17, 2010.  Dkt. No. 11 at 31-32.  Feingold alleges that the arbitration award came about and/or was assisted by the years of work he provided, but none of the defendants have made an effort to compensate Feingold and they continue to ignore his requests.  Am. Compl. ¶ 28-30.

---

[1]     In deciding a motion to dismiss I consider matters of public record.  See Pension Benefit Guar. Corp. v. White Consol. Indus, Inc., 998 F.2d 1192, 1196 (3d. Cir 1993) (emphasis added).  I will therefore consider the dockets in the Brenner's action against Guiranna.

Beyond the legal fees allegedly owed to him for his representation of the Brenners, Feingold also avers that he provided legal services to Robert Moraux, the step-father of Cindy Brenner and step-grandfather of Devon Brenner. Id. at ¶ 20. Feingold does not, however, allege that Moraux had agreed to pay Feingold for his legal services. Feingold only alleges that Moraux's debt was somehow coupled with the Brenners' debt after Feingold was hired to represent the Brenners in their auto accident case. Id. at ¶ 23.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to

show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950.  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

Additionally, pleadings that are pro se must be held to "less stringent standards than formal pleadings drafted by lawyers." Dickerson v. Brooks, No. 06-289, 2007 WL 4689001, at *2 (W.D. Pa. Oct. 31, 2007), citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972); United States ex rel. Montgomery v. Brierley, 144 F.2d 552, 555 (3d Cir. 1969) (noting that a petition prepared by a prisoner "may be inartfully drawn and should therefore be read with a measure of tolerance") (internal quotation marks omitted).  However, "[p]ro se attorneys-or in Plaintiff's case, a pro se disbarred attorney-typically cannot claim the special consideration which the courts customarily grant to pro se parties." Allegrino v. Conway E & S, Inc., No. 09-1507, 2010 WL 2035658, at *2 (W.D. Pa. May 18, 2010) (internal quotations omitted).

4

**DISCUSSION**

**I)      Standing**

Blumenthal asserts that Feingold lacks standing because he has entered into a bankruptcy proceeding in the Southern District of Florida and a bankruptcy trustee has been assigned to his estate. The entirety of a bankrupt individual's estate including potential causes of action arising out of unlawful damage to his property shall be vested in the bankruptcy estate. Riverside Mem'l Mausoleum, Inc. v. Umet Trust, 469 F.Supp. 643, 644 (E.D. Pa. 1979). But "[i]f a trustee chooses to abandon a claim or is ordered to do so, the debtor may assert title to the cause of action and bring suit upon it." Krank v. Utica Mut. Ins. Co., 109 B.R. 668, 669 (E.D. Pa. 1990), aff'd, 908 F.2d 962 (3d Cir. 1990). Feingold's bankruptcy estate trustee, Drew Dillworth, has abandoned Feingold's "unliquidated claims of every nature" including "Files, Cases, Fees, Costs". Dkt. Nos. 16 at 16, 18 at 7. Blumenthal avers that this letter of abandonment does not include the instant cause of action. He argues that this suit "does not in fact contain a claim for 'Files, Cases, Fees, [and] Costs'" released by the trustee. Dkt. No. 18 at 4. But this action is itself a "Case." I therefore conclude that Feingold has standing to bring suit in light of the bankruptcy trustee's abandonment of this action.

**II)     Failure to State a Claim Upon Which Relief Can be Granted**

   A.    Fraud

I will dismiss Feingold's fraud claim for two reasons. First, Feingold fails to allege fraud with sufficient particularity. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires plaintiffs

5

to plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  In the Amended Complaint, Feingold fails to support his allegations with facts demonstrating what the representations were and which of the eight defendants is responsible for these representations and therefore does not meet the heightened pleading standard for fraud.

Second, Feingold fails to present "'sufficient factual matter' to show that the claim is facially plausible" to meet the plausibility pleading standard required under Rule 8(a)(2). Fowler, 578 F.3d at 210, quoting Iqbal, 129 S.Ct. at 1948.  The plaintiff has put forth only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which is precisely the type of complaint that the Supreme Court did not intend to survive dismissal following Ashcroft v. Iqbal.  Iqbal, 129 S.Ct. at 1949.  Furthermore, under Rule 8(a)(2) the complaint must provide a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 127 S. Ct. at 1964.  Feingold fails to direct his allegations toward specific defendants in order to provide the defendants with fair notice of the claims brought against them.

I will grant Feingold leave to amend his fraud claim.  A motion to dismiss will typically be granted with leave to amend "unless [amendment] would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Feingold has failed to sufficiently plead his claim of fraud, but it is not apparent from the Amended Complaint that amendment is necessarily futile.

B.      Negligent Misrepresentation

I will also dismiss Feingold's negligent representation claim because it does not include "'sufficient factual matter' to show that the claim is facially plausible." Fowler, 578 F.3d at 210, quoting Iqbal, 129 S.Ct. at 1948. A plaintiff must provide more than a reiteration of the elements of the offense and must provide sufficient facts to demonstrate a "plausible claim for relief." Id. A plaintiff must address specific defendants in the allegations in order to provide those defendants with fair notice of the claims levied against them. Phillips, 515 F.3d at 232. Feingold asserts that the "defendants" made the "aforementioned representations" "with reckless disregard for the false and inaccurate nature of the representations." Am. Compl. ¶ 36. Feingold does not specify what the representations were or which of the eight defendants was responsible for the allegedly negligent representations. Id. Instead, Feingold essentially reiterates his assertions in his fraud claim, which is equally lacking in sufficient factual support to demonstrate a plausible claim. Id. at ¶ 32.

I will grant Feingold leave to amend his negligent misrepresentation claim. Feingold has failed to sufficiently plead his negligent misrepresentation claim, but it is not apparent from the Amended Complaint that amendment is necessarily futile.

C.      Abuse of Process

I will dismiss Feingold's abuse of process claim because Feingold cannot show that the Brenner litigation was used against him. To establish an abuse of process claim under Pennsylvania law a plaintiff must show inter alia the use of the process against him. Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998). Feingold alleges that defendants filed

"frivolous pleadings and motions" in "the other litigation" in an effort "to harass and vex the plaintiff by forcing him to needlessly expend precious financial resources."  Am. Compl. ¶ 41-43.  The only "other litigation" referenced in the Amended Complaint is the Brenners' auto accident litigation.  That case was not directed at Feingold so Feingold fails to state a claim on which relief can be granted under Rule 12(b)(6).

I will not grant Feingold leave to amend his claim for abuse of process because the Brenners' litigation was plainly not directed at Feingold.  Amendment is therefore futile.

D.      Civil Conspiracy

I will dismiss Feingold's civil conspiracy claim because it fails to set forth sufficient factual allegations.  Feingold alleges that "defendants entered into an agreement with the other defendants" to, inter alia, "fraudulently misrepresent the nature of injuries sustained by claimants in accidents," and "withhold evidence of other similar accidents . . . and statements of eyewitnesses to accidents."  Id. at ¶ 46.  Feingold must specify which defendants he is referring to and which actions underlie the assertions he makes throughout his claim for civil conspiracy in paragraph forty-six of the Amended Complaint.  Id.

I will grant Feingold leave to amend his civil conspiracy claim.  Feingold has failed to sufficiently plead his civil conspiracy claim, but it is not apparent from the Amended Complaint that amendment is necessarily futile.

E.      Infliction of Emotional Distress

I will also dismiss Feingold's infliction of emotional distress claim because he fails to set forth sufficient factual allegations.  Feingold alleges that defendants undertook the "aforesaid

conduct . . . with the intent of causing emotional distress to plaintiff and . . . as a consequence of the defendants' conduct as aforesaid, plaintiff sustained severe and prolonged emotional distress, accompanied by" physical manifestations of that distress. Id. at ¶¶ 51, 53. Since Feingold includes the allegation that the defendants acted "with the intent of causing emotional distress," I assume he is alleging a claim for intentional infliction of emotional distress. Feingold fails to provide sufficient facts identifying which of the defendants intentionally caused his emotional distress and what actions constitute the "aforesaid conduct" to which he refers.

Additionally, a plaintiff claiming intentional infliction of emotional distress bears the burden of demonstrating that the actions of the defendants were so "extreme 'as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Ruder v. Pequea Valley Sch. Dist., 790 F.Supp. 2d 377, 397 (E.D. Pa. 2011) quoting Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997). The Amended Complaint lacks any details concerning the conduct allegedly inflicting emotional distress and thereby lacks sufficient detail to demonstrate that the conduct could potentially be "extreme," "atrocious," and "utterly intolerable." Ruder, 790 F.Supp. 2d at 397.

I will grant Feingold leave to amend his intentional infliction of emotional distress claim. Feingold has failed to sufficiently plead his intentional infliction of emotional distress claim, but it is not apparent from the Amended Complaint that amendment is necessarily futile.

An appropriate Order follows.